**In re Mental Inquest of D.W.H., Appellant.**

**No. 3–1078 A 283.**

Court of Appeals of Indiana,
Third District.

Oct. 29, 1980.

J. Richard Kiefer, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant D.W.H. was found to be mentally ill but not dangerous in a hearing to determine whether he should be temporarily committed. In this appeal D.W.H. argues that the trial court's finding is not supported by sufficient evidence. D.W.H. also asserts as errors the trial court's summary denial of his motion to dismiss together with the court's refusal to grant D.W.H.'s request for a rehearing based on newly discovered evidence.

The relevant facts of the case are undisputed. On July 10, 1978, an incident occurred in which D.W.H. attempted to spank his daughter. The daughter ducked and D.W.H. inadvertently hit her on the side of the face temporarily leaving a small red mark under her eye.

Although the record is unclear as to exactly what happened next, it appears that Mrs. D.W.H. contacted the Indiana State Police with a greatly exaggerated version of the incident. A state trooper filed an application for emergency detention pursuant to IC 1971, 16 -14--9.1 -7 (1980 Burns Supp.), in which he alleged that D.W.H. was armed with a shotgun and had threatened to kill his wife and daughter. The trooper also stated that he believed that D.W.H. had beaten his wife and daughter and had injured his daughter by hitting her head against a wall.

D.W.H. was taken into custody and examined by Dr. William Shantz. Dr. Shantz filed a report stating that there was probable cause to believe that D.W.H. was suffering from a dissociative reaction and was dangerous. Pursuant to IC 1971, 16–14--9.-1--7(e)(3) a final hearing was conducted to determine if D.W.H. was mentally ill and dangerous or gravely disabled and in need of temporary commitment. The trial court found D.W.H. mentally ill but not dangerous or gravely disabled, dismissed the petition and ordered D.W.H.'s release from. custody.

D.W.H. asserts that the finding of mental illness is not supported by sufficient evidence and is contrary to law. At the time of D.W.H.'s final hearing Indiana courts employed the "preponderance of the evidence" standard in making determinations to commit a person alleged to be mentally ill and dangerous or gravely disabled. *Matter of Binkley* (1978), Ind.App., 382 N.E.2d 952. Since that time, however, the United

States Supreme Court has determined that when a person might be committed involuntarily for an indefinite period of time, the "preponderance of the evidence" standard is constitutionally inadequate. *Addington v. Texas* (1979) 441 U.S. 418, 98 S.Ct. 1604, 56 L.Ed.2d 58. Although the Court declined to set a uniform standard for the states to follow, it did hold that due process requires a minimum of the "clear and convincing evidence" standard.

Indiana has applied the clear and convincing standard in a hearing to determine temporary commitment following an order for emergency detention although such a commitment cannot exceed ninety days. *F. J. v. State* (1980) Ind.App., 411 N.E. 372. In order to support the trial court's finding of mental illness, there must be clear and convincing evidence of each element of mental illness as defined by statute. IC 1971, 16–14–9.1–1 defines mental illness as "a psychiatric disorder which substantially disturbs a person's thinking, feeling or behavior and impairs the person's ability to function."

Dr. William Shantz provided the only testimony concerning D.W.H.'s alleged mental illness. Dr. Shantz diagnosed D.W.H. as having a "dissociative reaction." According to Dr. Shantz a dissociative reaction occurs "when the mind separates out certain experiences, memories related to those experiences, feelings, thoughts and attitudes, separates those out into one section of the mind and separates other experiences, memories, attitudes, emotions, into another part of the mind." In D.W.H.'s case one section of his mind was too loving toward his wife and family and too hard working, while another section consisted of what Dr. Shantz described as "the opposite of intense love, the opposite of intense kindness, concern."

On cross–examination Dr. Shantz admitted that dissociation is a normal mechanism of the mind which is both useful and necessary. When asked if the dissociative reaction was a psychiatric disorder, Dr. Shantz implied that it was, but only when it creates symptoms or dysfunction or when it is maladapted. There is no testimony, however, that the dissociative reaction is a psychiatric disorder in D.W.H.'s case.

There is also no clear and convincing evidence that the dissociative reaction impairs D.W.H.'s ability to function. In fact, the only evidence in the record concerning D.W. H.'s ability to function indicates that he had been working fourteen hours a day, seven days a week, to be successful in a business recently acquired by his family.

For the reasons stated, the trial court's finding of mental illness is reversed and the cause remanded with instructions to strike the finding from the record.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.